JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sukhwinder Singh,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Eric Holder, et al.,<br><br>　　　　　Respondents. | No. CV 13-0166-PHX-PGR (MHB)<br><br>**ORDER** |

　　　Petitioner Sukhwinder Singh (A094-023-888), who is represented by counsel, has filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court will require an answer to the Petition.

　　　Petitioner is a native and citizen of India. On March 19, 2010, an immigration officer entered an expedited order of removal against him. On October 24, 2011, he was taken into the custody of Immigration and Customs Enforcement. On October 9, 2012, an Immigration Judge denied his applications for withholding of removal. Petitioner's appeal from the denial of withholding is currently pending before the Board of Immigration Appeals.

　　　Petitioner claims that under in *Zadvydas v. Davis*, 533 U.S. 678 (2001), his detention without a bond hearing for more than six months following the entry of a final order of removal is unlawful. In *Zadvydas*, the Supreme Court held that when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, immigration authorities may not detain the alien under

§ 1231(a)(6) for more than the presumptively reasonable period of six months. *Zadvydas* is, however, inapplicable because as an arriving alien who was issued an expedited order of removal, Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV)[*], not § 1231(a)(6). But in light of the Ninth Circuit's recent holding in *Rodriguez v. Robbins*, No. 12-56734, 2013 WL 1607706 (9th Cir. Apr. 16, 2013), that a class of aliens are entitled to a preliminary injunction because they are likely to succeed on their claim that § 1225(b) authorizes detention without a bond hearing for no more than six months, the Court will require Respondents to answer the Petition.

**IT IS ORDERED:**

(1) **Granting** the Motion to Substitute Counsel (Doc. 9). Kathy O'Quinn is substituted for Samin Adib as local counsel for Petitioner.

(2) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) **and** to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3) Respondents must answer the Petition within 20 days of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(4) Petitioner may file a reply within 30 days from the date of service of the answer.

////

---

[*] "Any alien subject to the procedures under this [expedited removal] clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

| | |
|---|---|
| 1 |     (5)    This matter is referred to Magistrate Judge Michelle H. Burns pursuant to |
| 2 | Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a |
| 3 | report and recommendation. |
| 4 | Dated this 22nd day of May, 2013. |

Paul G. Rosenblatt
United States District Judge